IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOEL T. BOONE     PLAINTIFF

V.     CIVIL ACTION NO.: 1:18-cv-310-HSO-JCG

LONG BEACH SCHOOL DISTRICT     DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Joel T. Boone, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights against Defendant, Long Beach School District. As more specifically set forth below, Plaintiff has been subjected to discrimination in the terms and conditions of his employment with Defendant. The actions of the Defendant are in violation of the Age Discrimination in Employment Act of 1967. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff, Joel T. Boone, is an adult male resident of Harrison County.

2. Defendant, Long Beach School District, may be served with process by serving Dr. Jay Smith, Superintendent, 19148 Commission Road, Long Beach, Mississippi 39560.

### JURISDICTION AND VENUE

3. This court has federal question jurisdiction and venue is proper in this court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC on May 24, 2018, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on July 16, 2018, a true and correct copy of which is attached as Exhibit "B."

## STATEMENT OF THE FACTS

5. Plaintiff was hired by the Defendant in August, 2016, when their boys' basketball coach left on the first day of school. Plaintiff was told that he could stay till the end of basketball season or as long as he wanted since he was helping the district out of a bind.

6. Plaintiff was hired by the Defendant to teach Physical Education on a part-time basis and to serve as the head boys' basketball coach.

7. During the spring of 2017, the Athletic Director, Forrest Williams, told Plaintiff that the Defendant was considering looking for someone "younger" to build the program and posted the position without a resignation letter from the Plaintiff.

8. Mr. Williams, who is in his forties, made the same comment to some of the players' parents.

9. At that time, Plaintiff notified the Superintendent, Dr. Jay Smith, that his job was posted without a resignation letter. At that time Plaintiff and Dr. Smith discussed changing the Plaintiff's position to full-time.

10. Once the district's Finance Director looked at Plaintiff's years of experience and Plaintiff's degree, the Finance Director told Dr. Smith that she did not recommend moving Plaintiff into a full-time position due to the increased amount of what Plaintiff's salary would be.

11. Dr. Smith then informed Plaintiff that there would not be a move to full-time and that Plaintiff could stay as long as Plaintiff wanted to do so.

12. Once the job was posted, Dr. Locke, assistant principal at the high school, told Plaintiff that she did not want him to leave because he was such a good role model for the students.

13. Plaintiff's wife, who is also a school administrator in another school district,

notified Dr. Smith about the comments made regarding hiring a "younger" basketball coach and that such comments consisted of age discrimination.

14. On Tuesday, April 3, after returning from Spring Break Holiday, Plaintiff was given a letter by the interim superintendent, Larry Ramsey, stating that Plaintiff was being non-renewed since the part-time physical education instructional position that Plaintiff held was being "eliminated."

15. Not only did Plaintiff hold the part-time physical education position, but Plaintiff was also the head boys' basketball coach.

16. After receiving the non-renewal letter, Plaintiff contacted Dr. Smith, who had recently retired.

17. Plaintiff should have been notified of the decision by Dr. Smith since the board met on March 13, and Plaintiff was not notified until April 3.

18. Dr. Smith stated in a text to Plaintiff that if Plaintiff was interested in a full-time position that Plaintiff could apply for it.

19. This statement from Dr. Smith upset Plaintiff because Plaintiff and Dr. Smith had previously discussed Plaintiff's status change to a full-time position last year, and Dr. Smith would not change his status.

20. Dr. Smith also referred to Plaintiff as a part-time basketball coach.

21. Plaintiff has never been a part-time coach. Plaintiff may teach part-time, but Plaintiff was a full-time coach.

22. Dr. Smith also mentioned that the district was looking for a full-time coach to build the future of the 7th grade through 12th grade basketball program.

23. Plaintiff had been attending the middle school games and had even moved an 8th

grader up to the varsity team that season, but Plaintiff was never given the authority to supervise the entire basketball operations.

24. In all of the years of coaching and teaching, Plaintiff never received a poor teaching or coaching evaluation. When Plaintiff was hired, he had 600 wins to his credit and a state basketball championship.

25. The Girls' basketball coach, who is considerably younger, and for the same two years that Plaintiff coached boys, girls' team had a worse record and did not make the playoffs. Plaintiff led his team in 2017-18 (his second year) to the second round of the playoffs. One more win would have placed the team in Jackson for the state tournament.

26. Plaintiff received a coaching evaluation in 2016-17 from Defendant but no teaching evaluation. In 2017-18, Plaintiff received no coaching or teaching evaluation.

27. Plaintiff requested a due process hearing twice and was then offered a part-time teaching position and later a full-time teaching position but no coaching duties. Defendant wrongfully denied Plaintiff a due process hearing.

28. Mr. Ramsey informed Plaintiff that the coaching position was an "at will" position. Plaintiff never signed an "at will" coaching contract. Plaintiff's teaching contract including basketball as part of the contract including the salary.

29. Plaintiff's position was posted very briefly. Posting directed those interested to contact new Athletic Director, Ms. Terry D'Angelo.

30. Plaintiff sent a text to Ms. D'Angelo to express his interest in applying for his job. She responded that she was out of state and would get back to him in a few days. Ms. D'Angelo never responded to Plaintiff.

31. Plaintiff declined both teaching offers.

32. Defendant selected a younger male, age 28, for the coaching position.

33. Defendant intentionally and willfully discriminated against Plaintiff in violation of the Age Discrimination of Employment Act of 1967.

34. Plaintiff is an adult male who is over 40 years of age. Defendant is a covered entity as defined by the ADEA. Plaintiff was more than qualified for the full-time position as head basketball coach. Defendant selected a much younger, substantially lesser qualified person for the position.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

35. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 34 above as if fully incorporated herein.

36. Defendant's actions constitute intentional discrimination on the basis of age in violation of the ADEA. Specifically, Plaintiff is over the age of 40 and was more than qualified for his position with Defendant. Defendant terminated Plaintiff and replaced him with a much younger male 28 years of age.

37. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement;
2. Back pay;
3. Compensatory damages;
4. Liquidated damages;
5. Attorney's fees;

      6.      Costs and expenses; and

      7.      Any other relief to which he may be properly entitled.

THIS the 24th day of September 2018.

                                        Respectfully submitted,

                                        JOEL T. BOONE PLAINTIFF

                                        By: /s/ Louis H. Watson, Jr.
                                        Louis H. Watson, Jr. (MB# 9053)
                                        Nick Norris (MB#101574)
                                        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
        nick@watsonnorris.com